## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

PATRICE PAYTON            :        CIVIL ACTION NO. 5:17-cv-46
    DOC #376406                              SECTION P

VERSUS                    :        JUDGE S. MAURICE HICKS, JR.

WILLIE SHAW, ET AL        :        MAGISTRATE JUDGE HAYES


## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Patrice Payton ("Payton"). Payton is an inmate housed at Caddo Correctional Center ("CCC") in Shreveport, Louisiana. As defendants, he names former Shreveport Chief of Police Willie Shaw and the Shreveport Police Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims based on the plaintiff's failure to prosecute or to comply with a court order. The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 82 S. Ct. 1386, 1388-89 (1962); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 82 S. Ct. at 1388.

In this case, Payton was directed to amend his complaint with response due, via an extension requested by him, on September 5, 2017. Docs. 10-12. The document was mailed to him at the last address that he supplied, namely CCC. To-date, Payton has not complied with the amend order nor has he had any further correspondence with this court.

Therefore,

**IT IS RECOMMENDED** that Payton's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).*

THUS DONE this 22nd day of November, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE